# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ERIC BERNARD SCOTT, )
)
   Petitioner, )
)
) Case No. CV413-072
)
DANNIE THOMPSON, *Warden*, )
)
   Respondent. )

## REPORT AND RECOMMENDATION

Petitioner Eric Bernard Scott, an inmate at Macon State Prison in Oglethorpe, Georgia has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the case should be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). Scott was sentenced on September 13, 1984, before

AEDPA was enacted.[1] (Doc. 1 at 1.) Since he attacks a pre-AEDPA conviction, he had until April 23, 1997, one year after AEDPA's effective date, to file a § 2254 petition or otherwise toll the limitation period. *Wilcox v. Fla Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). He did not appeal or file a habeas petition in state court until 2008. (Doc. 1 at 3.) While the filing of a state habeas action tolls the one-year limitations period, it does not reset it. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the days between the date upon which the conviction became final and the

---

[1] Under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). According to Scott, his 1984 sentence was for only six years imprisonment, and thus it appears that he is no longer in custody pursuant to that conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a habeas petitioner is no longer "in custody" when his sentence has fully expired). Although Scott may still suffer collateral consequences from that conviction, "collateral consequences of [a] conviction, alone, are insufficient to render the defendant 'in custody' for the purposes of habeas attack." *Birotte v. Sec'y for Dep't of Corr.*, 236 F. App'x 577, 578 (11th Cir. 2007) (quoting *Maleng*, 490 U.S. at 491-92).

Nevertheless, if Scott is attempting to attack a state conviction that was used to enhance a more recent conviction, he may be permitted to do so. *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) ("the Court in *Maleng* permitted currently incarcerated petitioners to challenge a sentence enhanced by an expired sentence"). "In order to meet the 'in custody' requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction." *Van Zant v. Florida Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997).

beginning of state habeas review are counted toward the limitations period. Consequently, Scott's § 2254 motion is untimely by many years.[2]

Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time-barred. *Jackson v. Sec'y for Dept. of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition is untimely, it should be **DISMISSED**. Additionally, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895,

---

[2] He insists that the state habeas court erred by failing to apply the prison mailbox rule to his state habeas petition. (Doc. 1 at 13.) He was permitted under Georgia law to file a habeas petition by July 1, 2008. O.C.G.A. § 9-14-42(c)(1) (permitting those convicted of felonies prior to July 1, 2004 to file their habeas petitions by July 1, 2008). But for the reasons explained in text, it is irrelevant whether the petition was timely filed under state law, since the federal limitations period had long since expired.

Additionally, Scott impermissibly attacks the *habeas* court's judgment, rather than attacking the state *criminal* court's conviction and sentence. (Doc. 1 at 5, 7, 8, & 11.) "[A]n alleged defect in a collateral proceeding does not state a basis for [federal] habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (noting that a valid petition must address claims related to the cause of a petitioner's detention). Although the state court habeas proceedings were decided in a manner that kept him in custody, those proceedings are not part of the judgment that led to his custody. *Quince*, 360 F.3d at 1261-62. Consequently, any such claim would be denied, even if the petition was timely filed.

898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 24th day of June, 2013.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA